IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Zita L. Weinshienk

Civil Action No. 06-cv-01373-ZLW-MEH

ELIZABETH ANN SIM, an individual,

    Plaintiff,

v.

ROBERT DALTON SIM, an individual,
INVESCO INSTITUTIONAL, INC., a Delaware corporation,
PRINCETON RETIREMENT GROUP D/B/A AMVESCAP
RETIREMENT, INC., a Delaware corporation, and
AMVESCAP GROUP SERVICES, INC., a Delaware corporation,

    Defendants.

---

ORDER REMANDING ACTION TO STATE COURT

---

On July 19, 2006, the Court ordered INVESCO Institutional, Inc. (INVESCO) and AMVESCAP Group Services, Inc. (AMVESCAP) to show cause why this action should not be summarily remanded to state court pursuant to 28 U.S.C. § 1446(c)(4). INVESCO and AMVESCAP responded on July 28, 2006, and Plaintiff filed a reply on August 14, 2006. The Court has considered the parties' papers and the legal authority cited therein.

"There is a presumption against removal jurisdiction," and doubtful cases must be resolved in favor of remand.[1] Under 28 U.S.C. § 1441(a), a "civil action" brought in state court may be removed to federal court "by the defendant or the defendants." Although INVESCO and AMVESCAP are not defendants in the state court action, they

---

[1] Laughlin v. Kmart Corp., 50 F.3d 871, 873 (10th Cir. 1995); see also Fajen v. Foundation Reserve Ins. Co., Inc., 683 F.2d 331, 332 (10th Cir. 1982).

argue that they nonetheless may remove because Plaintiff's state court contempt motion has "placed them in the position of defendants." INVESCO and AMVESCAP cite no authority in support of this proposition, and the Court has found none. Section 1441(a) provides that a state court action may be removed "by the defendant or the defendants;" the statute does not add, "or someone in the position of a defendant." Where, as here, the language of a statute is clear and unambiguous, its plain meaning controls.[2] Moreover, this Court previously has held that even third party removal is impermissible.[3] The Court also is persuaded by the court's reasoning in Scales v. General Motors Corp. Pension Administrator,[4] which indicates that Plaintiff's contempt motion is not a removable "civil action" under 28 U.S.C. § 1441(a) because it is merely a proceeding supplemental to the state domestic relations case. Accordingly, and in light of the presumption against removal jurisdiction, it is

ORDERED that this action is summarily remanded to the District Court, City and County of Denver, Colorado, pursuant to 28 U.S.C. § 1446(c)(4). It is

FURTHER ORDERED that the INVESCO Defendants' Motion To Dismiss For Failure To Exhaust Administrative Remedies (Doc. No. 9) is moot.

DATED at Denver, Colorado, this  17  day of August, 2006.

BY THE COURT:

_____
ZITA L. WEINSHIENK,  Senior Judge
United States District Court

---

[2] See McGraw v. Barnhart, 450 F.3d 493, (10th Cir. 2006).

[3] See NCO Financial Systems, Inc. v. Yari, 422 F. Supp. 2d 1237, 1240 (D. Colo. 2006).

[4] 275 F. Supp. 2d 871 (E.D. Mich. 2003).